IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARL GUTIERREZ,

        Plaintiff,

vs.                                                             No. CV 21-00817 MV/GJF

U.S. PUBLIC DEFENDERS OFFICE,
EMILY CAREY, personally,

        Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court under Rule 41(b) of the Federal Rules of Civil Procedure on the pro se handwritten Civil Complaint filed by Plaintiff Carl Gutierrez [Doc. 1]. The Court will dismiss the Civil Complaint without prejudice for failure to comply with rules, statutes, and a Court order and failure to prosecute this case.

Plaintiff is incarcerated at the Cibola County Detention Center and is proceeding pro se. Doc. 1. Plaintiff's filing consists of a document asserting a racketeering claim that "Defendant has committed Misprision of Treason for not prosecuting the elected officials who have committed Treason, 18 U.S.C. 2381, by not having surety bonds on file at the Secretary of State's Office to comply with NMSA 10-2-7." (Doc. 1 at 1). Plaintiff contends that the penalty for this treason is death. *Id.* at 2. Plaintiff also seeks $20 million in damages, the revocation of the law licenses of Federal Public Defender employees, immediate dismissal of the charges against him and release from custody. *Id.* at 3.

The Court determined that Plaintiff's Civil Complaint may be an attempt to assert prisoner civil rights claims under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau*

1

*of Narcotics,* 403 U.S. 388 (1971).  A civil rights complaint under 42 U.S.C. § 1983 or *Bivens* is the exclusive vehicle against state officials for vindication of substantive rights under the Constitution.  *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (claims against state actors must be brought under 42 U.S.C. § 1983).  *Bivens* is the vehicle for civil rights claims against federal officials.  Plaintiff's filing is not in proper form to assert civil rights claims.

In addition, under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the federal filing fee from Plaintiff or authorize Plaintiff to proceed without prepayment of the fee.  Plaintiff claims that this is a RICO case, not a civil rights case.  Doc. 1 at 3.  However, regardless of how Plaintiff characterizes his filing, it is still a civil complaint and Plaintiff is required to pay the filing fee under 28 U.S.C. §§ 1914(a) and 1915(a) or obtain leave to proceed *in forma pauperis*.  Plaintiff did not pay the $402.00 filing fee or obtain leave to proceed *in forma pauperis*.

On September 10, 2021, the Court ordered Plaintiff to cure the deficiencies in his filing if he wished to pursue his claims. Doc. 2. The Order directed that the deficiencies must be cured within thirty (30) days of entry of the Order. *Id.* at 2.  The Order also notified Plaintiff that, if he failed to cure the deficiencies within thirty (30) days, the Court might dismiss the proceeding without further notice.  *Id.*  Plaintiff did not respond to the Court's September 10, 2021 Order and has not submitted a complaint in proper form, paid the filing fee, or requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules.  *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).  The Court may dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with statutes, rules of civil procedure, and court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3

(10th Cir. 2003). Here, Plaintiff has failed to comply with the Court's September 10, 2021 Order, statutory provisions including 28 U.S.C. § 1915, and Rules 8 and 11 of the Federal Rules of Civil Procedure, and also has failed to prosecute this action. Accordingly, the Court will dismiss this civil proceeding pursuant to Rule 41(b).

**IT IS ORDERED** that the Civil Complaint [Doc. 1] filed by Plaintiff is **DISMISSED** without prejudice pursuant to Rule 41(b) for failure to comply with rules, statutes, and the Court's Order, and for failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE